IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT LAJOIE                                                                                       PLAINTIFF

v.                                            4:25-cv-00202-LPR-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Robert Lajoie, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 20-27.) From this decision, Plaintiff appeals.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty years old. (Tr. 49.)  He has a high school education and has no past relevant work.  (Tr. 26.)

The ALJ[1] found Mr. Lajoie has not engaged in substantial gainful activity since September 23, 2021, the alleged onset date.  (Tr. 22.)   The ALJ found he had a "severe" impairment in the form of degenerative disc disease. (*Id*.)  The ALJ further found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Subpart P, Appendix 1.[2]  (*Id.*)

The ALJ determined Mr. Lajoie had the residual functional capacity (RFC) to perform a slightly reduced range of light work.  (Tr. 23.)  Because he had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.  (Tr. 46-47.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of cashier, small products assembler, and merchandise marker.  (Tr. 27.)  Accordingly, the ALJ determined Mr. Lajoie was not disabled.  (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 7-10.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ incorrectly evaluated his subjective symptoms.  (Doc. No. 9 at 8-14.)  The ALJ analyzed Mr. Lajoie's symptoms considering Social Security Ruling 16-3p.  SSR 16-3p closely tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original); (Tr. 23).

After careful review, I find the ALJ fairly evaluated Mr. Lajoie's subjective complaints. (Tr. 30-36.) In doing so, the ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 25.)

Plaintiff might feel the ALJ has provided boilerplate language that has little meaning or value. However, the ALJ fully considered the medical records in this matter and his conclusions are supported by the objective medical evidence. The ALJ's opinion thoroughly recites Plaintiff's medical history - his initial successful back surgery (Tr. 351-364), reinjuring it after returning to work (Tr. 366-367), his subsequent remedial surgery (Tr. 408-409), and improvement through physical therapy (Tr. 575-585). (Tr. 24-25.) On examination, Plaintiff's doctors noted nothing that could be considered disabling. (Tr. 449-450, 477-479, 499-501, 503-504, 575-585.) Accordingly, I find no error with the ALJ's consideration of Mr. Lajoie's subjective symptoms.

Plaintiff argues, "Nowhere in the decision does the ALJ ever reference, cite, or even mention Plaintiff's sworn hearing testimony of October 10, 2023." (Doc. No. 9 at 11.) The ALJ stated, "The claimant describes experiencing severe pain whenever he sits, stands, bends, walks, rolls over, or twists. He states that writing and sitting increases the pain. He alleges that the pain

4

makes it difficult for him to even put his clothes on." (Tr. 23.)  The ALJ cited Plaintiff's written statements rather than reciting to the administrative hearing transcript.  (*Id.*)  The written statements appear to be the main source of information relied upon by the ALJ.  But, at the hearing, Plaintiff testified to pain while walking (Tr. 41, 42), sitting (*Id.*), and rolling over (Tr. 43).  So, it appears the ALJ considered both Plaintiff's written statements and testimony at the hearing.  Regardless, I find no reversible error here.

The ALJ provided a thorough analysis of Plaintiff's subjective symptoms.  The ALJ specifically stated his reasons for discounting Plaintiff's claims.  His conclusions are supported by substantial evidence.  Accordingly, I find basis to remand this case.

Plaintiff also argues that the ALJ erred as a matter of law by failing to address supportability when evaluating the medical opinions of the state agency consultants.  (Doc. 9 at 15-20.)  I have carefully considered this argument and find it is without merit.  I am persuaded by the Commissioner's reliance on *Cropper v. Dudek*, 136 F.4th 809 (8th Cir. 2025) (analysis of supportability and consistency, while important ingredients in determining a medical opinion's persuasiveness, are not conclusive, as persuasiveness turns on the multiple factors identified in the regulations.)  I find the ALJ's reliance on determinations made at the reconsideration level to be supported by substantial evidence.  (Tr. 25-26.)

I recognize that Plaintiff does suffer from some degree of pain and limitation.  But the ALJ's conclusion that Plaintiff can perform a reduced range of light work activities is supported by substantial evidence of record.

In this case, the record contains ample medical records to support the ALJ's decision.  Plaintiff is reminded he had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.

5

*Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.

Mr. Lajoie's counsel has done an admirable job advocating for his rights.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 15th day of July 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE