**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBERT LAJOIE**                                                                                          **PLAINTIFF**

**v.**                                              **Case No. 4:25-cv-00202-LPR**

**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**                                                            **DEFENDANT**

**<u>ORDER</u>**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 14) and the Plaintiff's Objections (Doc. 15). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD as its findings and conclusions in all respects, except to the extent they are inconsistent with the following.

1.      The Court strikes the RD's reference to a "subsequent remedial surgery."[1] The Court also strikes the RD's statement that, "[o]n examination, Plaintiff's doctors noted nothing that could be considered disabling."[2] These alterations do not materially change the analysis or result set out in the RD.

2.      Plaintiff argues that the RD did not adequately address his argument that the ALJ failed to properly consider his subjective complaints. The Court finds the Commissioner's response to this argument, set out on pages 5–7 of Defendant's Brief, to be persuasive.[3] For the reasons stated therein, the Court concludes Plaintiff has not demonstrated reversible error on this point.

---

[1] RD (Doc. 14) at 4.

[2] *Id.*

[3] Doc. 13.

3.    Plaintiff argues that the ALJ failed to articulate how he considered the supportability of the prior administrative medical findings at the reconsideration level.  Although this is a close call, the Court agrees with what it takes to be the RD's position:  The ALJ said enough for the Court to properly review the ALJ's persuasiveness analysis, and the persuasiveness analysis is supported by substantial evidence.  Certainly, the ALJ could have better articulated and more definitively separated its consideration of the supportability and consistency factors.  But, in the context of this case and this decision, the ALJ adequately explained how the prior administrative medical findings were both consistent with, and supported by, the medical evidence of record.  The Court therefore agrees that reversal is not warranted.[4]

IT IS THEREFORE ORDERED that the Commissioner's decision is AFFIRMED, and Judgment will be entered for the Commissioner in this case.

DATED this 11th day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] The fact that the ALJ did not use the words consistency or supportability (or iterations of those words) is unfortunate and makes it harder to ensure that the ALJ did what he was supposed to do.  But, at the end of the day, the Court concludes that the first full paragraph on page 26 of the Administrative Transcript is enough of an articulation regarding how consistency and supportability played into the ALJ's persuasiveness analysis to just chin the bar.